

FILED
MAY 0 2 2008
MAY 2  2008

IN THE
UNITED STATES DISTRICT COURT        JUDGE CHARLES R. NORGLE
OF THE NORTHERN DISTRICT OF ILLINOIS  U.S. District Court Judge
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.  04 CR 372 |
| ) | |
| MICHAEL A. VALLONE, et al ) | Hon. Charles R. Norgle |
| ) | District Judge, Presiding |
| Defendant. ) | |

## STIPULATIONS

NOW COMES the Defendant TIMOTHY SHAWN DUNN by and through his Attorney, Stephen M. Komie of Komie and Associates and Patrick Fitzgerald, United States Attorney for the Northern District of Illinois by and through his Assistant United States Attorneys Barry Rand Elden and Stephen Heinze and stipulates the following facts are true, accurate and correct.

1. That it is hereby stipulated that the Defendant TIMOTHY SHAWN DUNN maintained an Indiana driver's license issued by the Indiana Department of Motor Vehicles since he was legally licensed on his 16th birthday to the present.

2. That it is hereby stipulated that the Defendant TIMOTHY SHAWN DUNN was a registered voter of the State of Indiana since he registered and was registered as a voter of the State of Indiana at times pertinent to the indictment in this case.

3. That it is stipulated by and between the parties that TIMOTHY SHAWN DUNN at times pertinent was a resident of the State of Indiana and no other state.

1

4. That it is hereby stipulated that the Defendant TIMOTHY SHAWN DUNN registered with the Secretary of State of the State of Indiana at times pertinent to the indictment in this case the following trusts and companies:

> Dunn Charitable Trust
> Dunn Equity Company
> Dunn Leasing Company
> Dunn Vehicle Company
> MoneyFacts, Inc.
> Dunn Business Company
> Dunn Asset Management Company

5. That these facts are to be taken as true, accurate, and correct for purposes of this case.

6. That if Alicia Henderson was called to testify she would testify that she is a paralegal in Mr. Komie's office.

7. That Alicia Henderson would testify she listened to the conversations recorded by UCA Michael Priess which are identified as Defendant Dunn Exhibits 3, 4, and 5. Said exhibits were played by the Defendant TIMOTHY SHAWN DUNN in the cross-examination of MICHAEL PRIESS. Further, she would testify that she transcribed the conversations to the best of her ability. To her knowledge and belief the transcriptions of the conversations are true, accurate, and correct.

8. That Alicia Henderson would testify she listened to the conversations contained in videos seized by the government pursuant to a search warrant which are identified as

2

Defendant Dunn Exhibits 10A and 10B. Said exhibits were played by the Defendant TIMOTHY SHAWN DUNN in the cross-examination of DAVID PARKER. Further, she would testify that she transcribed the conversations to the best of her ability. To her knowledge and belief the transcriptions of the conversations are true, accurate, and correct.

9. That Alicia Henderson would testify she listened to the conversations contained in videos seized by the government pursuant to a search warrant which are identified as Defendant Dunn Exhibits 10C, 10D, and 10E. Said exhibits were played by the Defendant TIMOTHY SHAWN DUNN. Further, she would testify that she transcribed the conversations to the best of her ability. To her knowledge and belief the transcriptions of the conversations are true, accurate, and correct.

10. That it is hereby stipulated Mary Robinson formerly of the Attorney Registration and Disciplinary Commission (ARDC) has researched the files and has stated there are not any files, statements, affidavits, transcripts of testimony and/or memorandums of interviews of TIMOTHY SHAWN DUNN. Further, if Mary Robinson were recalled to testify she would testify she did not interview TIMOTHY SHAWN DUNN for the case of *In re Bartoli*.

11. That if Michael W. Dobbins were called to testify he would testify he is the Clerk of the United States District Court for the Northern District of Illinois. That the docket in the case of *Bartoli, et al vs. ARDC, et al*, No. 97 CV 03412, is maintained by his office in the ordinary course of their business and is certified and exemplified.

3

12. That on November 12, 1999, the Honorable Paul Plunkett, District Judge entered Judgment in the case. That Mr. Dobbins would further testify the records reflect notice of the Judgment being mailed to Edward Bartoli at 11022 Southwest Highway, Palos Hills, Illinois 60465; and Jennifer Prager Sodaro at Two Mid America Plaza, Suite 800, Oakbrook Terrace, Illinois 60181. That the docket does not reflect a mailing of the Court's Judgment to TIMOTHY SHAWN DUNN at an address in Indiana.

13. That if Gino J. Agnello were called to testify he would testify he is the Clerk of the United States Court of Appeals for the Seventh Circuit. That as the Clerk he maintains the docket in the matter of *Edward Bartoli, Robert W. Hopper, Michael A. Vallone et al, Plaintiffs-Appellants vs. Michael D. Richmond, individually and James Poague, individually and as an agent for the Internal Revenue Service, Defendants-Appellees.* Further, he would testify the Judgment of the Court of Appeals was entered on May 23, 2000 pursuant to Circuit Rule 53. He would further state a copy of the Judgment of the Court of Appeals was mailed to Jennifer Prager Sodaro, Gainey Ranch Financial Center, 7373 Doubletree Ranch Road, Scottsdale, Arizona 85258. Finally, he would testify there is no record of the Judgment of the Court of Appeals being mailed to TIMOTHY SHAWN DUNN at an address in Indiana.

14. That if Chester S. Pietras, Deputy Commission of the Indiana Department of Insurance were called to testify he would testify that the Department has documents relative to licenses issued to TIMOTHY SHAWN DUNN, 1651 Hogan Drive, Chesterton, Indiana 46304,

4

Social Security No. XXX-XX-3003. The records reflect Indiana insurance licenses issued to TIMOTHY SHAWN DUNN for 1980 through 2008.

15. That during the cross examination of witness Michael Priess he identified a transcript of a conversation between himself and TIMOTHY SHAWN DUNN. Said conversation is known as Conversation 9 [of Tape 84] dated February 27, 1998. Said transcript of the conversation is true and correct to the best knowledge of the witness.

16. That Defendant TIMOTHY SHAWN DUNN's Exhibit No. 44, a 1997 U.S. Income Tax Return for an S-Corporation, Form 1120S, for MoneyFacts, Inc. EIN 35-1643314, bearing the words "Client's copy" was seized at the offices of MoneyFacts, Inc. on March 31, 2000. The exhibit bears the Bate stamp nos. F231651 to F231667 and is signed by Shawn Dunn.

5

WHEREFORE, IT IS HEREBY STIPULATED as set forth above by and between the parties.

Patrick J. Fitzgerald
United States Attorney

By: _____
Barry Rand Elden
Assistant United States Attorney

_____
Stephen Heinze
Assistant United States Attorney

TIMOTHY SHAWN DUNN, Defendant

By: _____
Stephen M. Komie

LAW OFFICES
**Komie and Associates**
One North LaSalle Street - Suite 4200
Chicago, Illinois 60602-4011
Telephone (312) 263-2800